NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **KANWAL DALER SINGH**, | No. 07-70064 |
| Petitioner, | Agency No. A078-674-509 |
| v. | |
| **ERIC H. HOLDER Jr., Attorney General**, | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2010
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **RYMER**, Circuit Judge and **KENNELLY**, District Judge.[**]

The government failed to provide Singh the originals of the allegedly fraudulent English letter from Dr. Bedi and the letter in Punjabi Dr. Bedi gave to DHS investigators even though it knew Singh wanted to use the letters in his defense

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

against the government's allegations. See Dent v. Holder, No. 09-71987, 2010 WL 4455877, at *6 (9th Cir. Nov. 9, 2010) (holding that failure to provide documents in government's possession denied alien "an opportunity to fully and fairly litigate his removal"). At Singh's final hearing, the IJ stated that it would be "probative" of Singh's truthfulness if he could prove by forensic analysis of the originals that Dr. Bedi signed letters in both English and Punjabi, yet refused to grant a continuance for that purpose. This denied Singh a "reasonable opportunity to examine the evidence against [him]." 8 U.S.C. § 1229a(b)(4)(B); see Ahmed v. Holder, 569 F.3d 1009, 1012–13 (9th Cir. 2009) (noting that denial of continuance shouldn't exclude evidence "of vital importance" to the alien's case). This was an abuse of discretion. Cruz Rendon v. Holder, 603 F.3d 1104, 1110–11 (9th Cir. 2010).

The adverse credibility determination and frivolous application finding are vacated. The BIA's denial of all relief to Singh resulted from these findings and is likewise vacated. Because Maharaj v. Gonzales, 450 F.3d 961 (9th Cir. 2006) (en banc), changed the law on firm resettlement findings, we leave that issue for the BIA to address in the first instance. See INS v. Orlando Ventura, 537 U.S. 12, 17 (2002).

**GRANTED.**